PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 12/3/96**

TENTH CIRCUIT


MFP FIRE PROTECTION, INC., )
)
      Petitioner, )
)
v. ) No. 95-9538
)
)
NATIONAL LABOR RELATIONS )
BOARD, )
)
      Respondent. )
)
ROAD SPRINKLER FITTERS LOCAL)
UNION NO. 669, U.A., AFL-CIO )


On Petition for Review and Cross-Application
for Enforcement of an Order of the National
Labor Relations Board


William W. Osborne (Helene D. Lerner with him on the brief), Beins, Axelrod, Osborne, Mooney and Green, Washington, D. C., for Intervenor.

Steven L. Murray (Rita Byrnes Kittle, Fattor & Kittle, with him on the brief), Denver, Colorado, for Petitioner.

Christopher W. Young (Frederick L. Feinstein, General Counsel, Linda Sher, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, and Frederick C. Havard, Supervisory Attorney, with him on the brief), National Labor Relations Board, Washington, D. C., for Respondent.

Before BRORBY, Circuit Judge, GODBOLD, Senior Circuit Judge,[1] and McWILLIAMS, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

MFP Fire Protection, Inc., is engaged in the construction industry, installing and servicing automatic fire sprinkler systems. Its founder and president is Lawrence Martin.

In November 1984 Martin notified the union[2] that MFP would like to become a party to the collective bargaining agreement between the union and the National Automatic Sprinkler and Fire Control Association. The union sent Martin a copy of that collective bargaining agreement, which he signed and returned.

In February 1985 Martin signed an "assent and interim agreement" binding MFP to the 1985-88 § 8(f) pre-hire agreement between the union and the association. By the first paragraph of that agreement MFP recognized the union as the exclusive bargaining representative of MFP's employees pursuant to § 9(a) of the National Labor Relations Act.

In February 1987 the Board decided John Deklewa and Sons, 282 NLRB 1375 (1987), affirmed sub nom, Iron Workers Local 3 v. NLRB, 843 F.2d 770 (3d Cir.), cert. denied, 488 U.S. 889 (1988). Prior thereto in nonconstruction industries an employer's voluntary recognition of a union as having § 9(a) status carried with it the presumption that a majority

---

[1]   The Honorable John C. Godbold, Senior U.S. Circuit Judge for the Eleventh Circuit, sitting by designation.

[2]   Road Sprinkler Fitters Local Union 669, U.A., AFL-CIO.

of the unit employees desired the union's representation, provided, however, the employer, within six months of voluntary recognition, could challenge whether at the time of recognition the union enjoyed majority support. After six months the employer was barred from raising the issue of majority support at the time of voluntary recognition. In Deklewa the Board held that unions in the construction industry should not have a less favored status than unions in nonconstruction industries. Therefore, the presumption of majority status became applicable.

In October 1987, during the term of the 1985-88 agreement, Martin signed an acknowledgement that provided:

> ACKNOWLEDGEMENT OF THE REPRESENTATIVE STATUS OF ROAD SPRINKLER PITTERS LOCAL UNION NO. 69, U.A., AFL-CIO
>
> The Employer executing this document below has, on the basis of objective and reliable information, confirmed that a clear majority of the sprinkler fitters in its employ have designated, are members of, and are represented by [the Union] for purposes of collective bargaining.
>
> The Employer therefore unconditionally acknowledges and confirms that Local 669 is the exclusive bargaining representative of its sprinkler fitter employees pursuant to Section 9(a) of the National Labor Relations Act.

MFP Fire Protection, Inc., 318 NLRB No. 61 (Aug. 28, 1995), 150 L.R.R.M. (BNA) 1048.

In February 1988, as the 1985-88 collective bargaining agreement approached expiration, Martin signed still another assent, which said:

> The Employer hereby freely and unequivocally acknowledges that it has verified the Union's status as the exclusive bargaining representative of its employees pursuant to Section 9(a) of the National Labor Relations Act, as amended, for the purpose of establishing wages, hours, and working conditions

3

for all journeymen sprinkler fitters, apprentices and pre-apprentices in the employ of the Employer.

Id. By this assent MFP became party to the 1988-91 bargaining agreement between the Association and the union. In March 1991 Martin once again signed an agreement that bound MFP to the union's 1991-94 national agreement, containing the by-now usual acknowledgement.

When the 1991-94 agreement expired MFP ceased payments to the union's health, welfare and pension funds. The union requested bargaining, to which MFP did not respond.

The Board found, agreeing with the administrative law judge, that the company violated §§ 8(a)(5) and (1) of the Act by repudiating the existing collective bargaining agreement and by unilaterally changing terms and conditions of employment.

The company was entitled to offer proof that when it withdrew recognition in 1994 the union did not enjoy majority status or that it then had a good faith doubt of majority support, but it did not do so. Rather it rested upon the proposition that a § 9(a) relationship can only be established where there is objective evidence of majority union support, such as authorization cards, a strike, a strike vote, or an employee poll, and that the company's acknowledgement in the October 1987 assent and acknowledgement did not meet that standard, therefore the union never achieved § 9(a) status. It contends that the burden was on the Board to establish by objective and reliable evidence that a majority status existed beginning in 1987 and was carried forward by the subsequent assents. In short, it says

Martin's statements were not proved by objective evidence to be true. The Board relies upon Triple A Fire Protection, Inc., 312 NLRB 1088 (1993). There the union sent to the employer a form recognition agreement and asked that it be signed, accompanied by a fringe benefit report form that tended to confirm the union's status as the exclusive bargaining representative. The employer signed the form. The Board found that by executing the acknowledgement the employer voluntarily and unequivocally granted recognition to the Board as a § 9(a) representative, because it was clear that the parties intended to establish such a relationship. The employer attempted to show, four years after the recognition form was signed, that in fact no § 9(a) relationship had existed. The Board held that "it would not at this late date inquire into the Union showing of majority status . . . . [W]e will not entertain a challenge here, where the Respondent voluntarily recognized the Union as a 9(a) representative in 1987 and waited until 4 years later to object." Id., at * 3.

In the present case the Board did not err in concluding that the passage of six and one-half years after the expiration of the six-month period allowed for protest, during which health and welfare and pension payments were paid by the employer, barred the employer from retrospectively asserting the absence of a § 9(a) relationship. Indeed, with the series of acknowledgements, the longer span of time, and the payments into the health and welfare and pension funds, this is a stronger case than Triple A.

The Board order is ENFORCED.